IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERRENCE BUCHANAN,

    Plaintiff,

v.

BRIAN HAYES, TROY ENGER, JENNIFER
LAWRENCE, MICHAEL EKEDAHL, AND
CONSTANCE HEWITT,

    Defendants.

ORDER

Case No. 16-cv-620-wmc

Plaintiff Terrence Buchanan brings this proposed civil action under 42 U.S.C. § 1983, claiming that he was wrongfully denied a timely hearing as part of his June 2016 parole revocation proceedings. Having been permitted to proceed *in forma pauperis*, Buchanan's complaint requires screening. 28 U.S.C. § 1915(e)(2). Since initiating suit, Buchanan filed an amended complaint, which the court construes to be the operative pleading in this matter.[1] For the reason explained below, however, the court also concludes that it must dismiss this lawsuit pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), as well as deny Buchanen's Motion for Preliminary Injunction (dkt. #11).

---

[1] As reflected below, the court also supplements the allegations in the amended complaint with dates and information about plaintiff's underlying criminal cases from the electronic docket available at Wisconsin Circuit Court Access, https://wcca.wicourts.gov. The court draws all other allegations of fact from plaintiff's amended complaint and any exhibits attached to his pleadings, viewing the record in a light most favorable to plaintiff. *See* FED. R. CIV. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider them to determine whether plaintiff has stated a claim).

ALLEGATIONS OF FACT

Plaintiff Terrence Buchanan is currently incarcerated at Dodge Correctional Institution, but he filed this lawsuit while incarcerated at the Dane County Jail. Defendants are all employees of the Division of Hearings and Appeals ("DHA"), a Wisconsin state agency. They include Brian Hayes, the DHA administrator, Troy Enger, a DHA regional chief, Jennifer Lawrence, a regional OOA, Michael Ekedahl, a supervisor, and Constance Hewitt, a parole agent employed by the Wisconsin Department of Corrections ("DOC").

On June 6, 2016, Buchanan was on parole. Neverthess, Buchanan alleges, law enforcement arrested him without reasonable suspicion or probable cause to believe that he committed, was about to commit, or was committing a crime, nor that he was in violation of his parole. Buchanan does not allege any details about the circumstances leading up to his arrest, but he does attach a "Notice of Violation" form to his motion for a preliminary injunction, which contains the allegations purported to support his parole revocation. In particular, Hewitt is listed as his parole agent, and there is a section providing for the allegations upon which the Division of Community Corrections recommended revocation of his parole. (Dkt. #13-1, at 1.) That section includes allegations that on June 6, 2016, Buchanan stole a vehicle, fled from police, operated the vehicle without a valid license, and provided a false statement to an agent. The notice also states that each of these actions violated Buchanan's rules of supervision to which he agreed on June 3, 2016. Finally, the notice includes the following statement: "A preliminary hearing is not required, pursuant to Wis. Admin. Code § 331.05(2)," because Buchanan had "given a signed statement admitting the violation(s)." (*Id.*)

Buchanan now alleges that he signed that statement on June 9, 2016, after being threatened and that the statement was not voluntary.

OPINION

Plaintiff seeks leave to proceed on a claim that defendants denied him a hearing prior to his parole revocation in violation of the Fourteenth Amendment Due Process Clause. He is seeking both preliminary and permanent injunctive relief that would stop defendants from conducting parole revocation proceedings without a hearing. (Dkt. #11.)

Because the central focus of plaintiff's challenge here is to the fairness of his parole revocation proceedings, and apparently the lawfulness of his revocation more generally, his suit is barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As explained in *Heck,* a plaintiff is precluded from bringing claims for damages if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his [state criminal] conviction or sentence." *Id.* This bar applies unless the underlying conviction or sentence is been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. This same bar applies here unless the plaintiff's state court revocation proceeding has already been overturned. *See Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (recovery in a federal challenge "would necessarily imply the invalidity of [plaintiff's] Wisconsin parole revocation, which *Heck* instructs cannot be shown through a § 1983 suit."). Since nothing in plaintiff's pleadings or the publicly available information suggests his parole revocation has been invalidated or called

into question, his challenge to these revocation proceedings are barred, and the court must deny his request for injunctive relief and dismiss this lawsuit.

ORDER

IT IS ORDERED that:

1. Plaintiff Terrence Buchanan's Motion for Preliminary Injunction (dkt. #11) is DENIED.

2. Plaintiff's Fourteenth Amendment claim in this case is DISMISSED pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 22nd day of March, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge